**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 3 9 2018

MATTHEW J. DYKMAN
**CLERK**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **RUNE KRAFT** | ) Civil Case No.: *18 CV 302   KK* |
| **Plaintiff,** | ) |
| | ) COMPLAINT FOR |
| v. | ) DECLARATORY AND |
| | ) INJUNCTIVE RELIEF |
| **JESSE CLARK HATCH, STANLEY N.** | ) |
| **HATCH, MATTHEW J. DYKMAN in his** | ) |
| **official capacity Clerk of Court United States** | ) |
| **District Court for the District of New Mexico** | ) |
| **and DOES 1-10, Inclusive.** | ) |
| | ) |
| **Defendants.** | ) |

## 1. Jurisdiction and venue

1. The United States District Court for the District of New Mexico is the proper

venue for this action as the Defendants, each and all of them, are situated in this District

and conduct their activities in this District.

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. The Court has the authority to grant declaratory relief pursuant to the

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

COMPLAINT

## 2. Parties

5. Plaintiff Rune Kraft resides outside the United States and has a business office in Wilmington, Delaware.

6. Defendants Jesse Clark Hatch and Stanley N. Hatch (hereinafter "Attorneys Defendants") are attorneys located in Albuquerque, New Mexico.

7. Defendant Matthew J. Dykman (hereinafter "Official Defendant") is Clerk of Court United States District Court for the District of New Mexico. The Clerk of Court is a component of the United States District Court for the District of New Mexico, thus Defendant administers the Court's policies and responsibility for ensuring its compliance with all legal requirements. Defendant is sued in his official capacity.

## 3. Factual background

8. In or around August 2015, Attorneys Defendants initiated a lawsuit at this Court which Official Defendant, in his official capacity Clerk of Court United States District Court of New Mexico, caused to be identified as Civil Action No.: 1:15-MC-00033-WJ.

### 3.1   Lack of personal jurisdiction

9. Upon information and belief, Attorneys Defendants named Rune Kraft, an individual and Kraft Americas, L.P., a Delaware limited partnership, as the defendants.

10. However, in truth and in fact, neither Rune Kraft nor Kraft Americas, L.P. was served with a summons and complaint.

2

11. Thus the Court did not establish *in personam* jurisdiction.

## 3.2   Not a party litigant

12. The Attorneys Defendants represent Oldcastle Precast, Inc., a Washington corporation.

13. However, in truth and in fact, Oldcastle Precast, Inc. is not a party litigant as Civil Action No.: 1:15-MC-00033-WJ has one plaintiff - Inland Concrete Enterprise, Inc. Employee Stock Ownership Plan (hereinafter "Inland ESOP").

14. Thus the Attorneys Defendants are representing somebody who is not a party litigant.

## 3.3   The non-party litigant, masquerading as a plaintiff, did not serve the defendants with motions and has continued to act in defiance of both Federal Rules and the Rules of this Court

15. The Attorneys Defendants, using Oldcastle Precast, Inc. masquerading as a plaintiff in Civil Action No.: 1:15-MC-00033-WJ, did not serve Rune Kraft and Kraft Americas, L.P. with motions and/or other forms of pleadings.

16. Consistent with the U.S. Constitution's Due Process Clause, the legislature enacted FRCP 5 which requires motions, rulings and/or orders to be served.

17. Attorneys Defendants, in Civil Action No.: 1:15-MC-00033-WJ, have not served the defendants with a single motion and/or other form of pleading.

18. In addition to acting in defiance of Federal Rules, Attorneys Defendants have acted in defiance of D.N.M. LR-Civ 5.1 (a) with the consequence per D.N.M. LR-Civ 7.1

**COMPLAINT**

(b) "A motion, response, or reply must include a certificate of service on each party. The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete."

19. The only plausible explanation for this conduct is the Attorneys Defendants' deliberate scheme to deceive this Court whilst they kept the defendants, who knew the true facts, in the dark and entered documents and information at this Court that they knew were false, deceptive and fraudulent.

### 3.4    The Court in Civil Action No.: 1:15-MC-00033-WJ has systematically not been serving orders

20. Consistent with the U.S. Constitution's Due Process Clause, the legislature enacted FRCP 5 which requires motions, rulings and/or orders to be served.

21. The Court has systematically not been serving orders in Civil Action No.: 1:15-MC-00033-WJ.

22. D.N.M.LR-Civ. 5.1 (a) states:

*Pro se* parties are excused from mandatory e-filing, and papers may be filed in open court. Electronic filing constitutes service for purposes of FED. R. CIV. P. 5, except as to parties excused from electronic filing by Federal rules, these rules, or Court order.

23. Any party in a lawsuit is completely dependent on knowing what orders are issued by the court and the failure of the Court to follow through on its obligations to send the orders of the Court to the parties deprive the parties of procedural due process.

4

### 3.5    The fraudulent conduct of the Inland ESOP

24. On December 17, 2007, the Inland ESOP completed a transaction in which it sold 100% of its shares in Inland Concrete Enterprises, Inc.

25. On March 11, 2010 the Inland ESOP filed a lawsuit against Rune Kraft and Kraft Americas, L.P. claiming that it had hired Rune Kraft and Kraft Americas, L.P. to render brokerage services related to this purported transaction that occurred in California.

26. However in truth and in fact, neither Rune Kraft nor Kraft Americas, L.P. was hired by the Inland ESOP to serve as brokers in this purported transaction.

27. It is universally accepted that a contract requires 3 elements: an offer; acceptance of that offer; and consideration.  This does not exist and has never existed.

28. Next, the business activity of brokerage services is regulated by the State of California. Pursuant to this regulation, a broker contract must be in writing and signed by the parties. (*See*, California Business and Professions Code Sections 10176(a) and (d), California Civil Code Sections 1624, 2079.13 et seq., 2295 et seq., among others. Also, *See, Phillippe v. Shapell Industries (1987) 43 Cal. 3d 1247,1255-1258*). Such a contract does not exist and has never existed.

29. As: (a) the three elements for a contract to be valid were missing; (b) as California law required a broker contract to be in writing and (c) as no written contract exists and has never existed, any portrayals by the Inland ESOP of having hired Rune Kraft and Kraft Americas, L.P. were thus fraudulent.

**COMPLAINT**

30. Finally, any tortured claims of the Inland ESOP of having hired Rune Kraft and Kraft Americas, L.P. pursuant to an oral contract would fail for two basic reasons. First, the Inland ESOP has never paid Rune Kraft and Kraft Americas, L.P. anything. And second, Section 339 of California's Code of Civil Procedure establishes a two-year statute of limitations for oral contracts. It requires a plaintiff to file a lawsuit within two years of the alleged breach, or similar event, of an oral contract. The Plaintiffs would thus have had to file the lawsuit before the end of 2009 and the lawsuit was filed in 2010. Thus the court lacked subject matter jurisdiction in 2010.

31. Adding insult to injury, related to the lawsuit that the Inland ESOP filed on March 11, 2010, the Inland ESOP withheld decisive evidence and made fraudulent and misleading representations about this evidence.

32. The true transaction documents show that the Inland ESOP had not only suffered no damages but had gained $ 3 million:

| Inland ESOP's representations to the Court | The true transaction documents [1] |
| --- | --- |
| The Inland ESOP was shortchanged | The Inland ESOP received "too good a deal" |
| The Inland ESOP was deprived of $ 3 million | The Inland ESOP was given $ 3 million |
| The buyer was really willing to pay | The buyer was not only unwilling to pay $ 3 million |

---

[1] Subject of a protective order in another legal proceeding. As Rune Kraft and Kraft Americas, L.P. are not parties in the transaction, any release of the documents would have to be done through a court order or by the parties themselves. The client of the Attorneys Defendants have all of these documents and is a party in the transaction, which both enables the Attorneys Defendants to investigate the documents and present the documents and related financial transactions to this Court if they wish to controvert.

6

| | |
|---|---|
| $ 3 million more to the Inland ESOP | more but wanted to pay $ 3 million less |
| The Inland ESOP had entered into a broker contract with Kraft Americas, L.P. | The Inland ESOP had not entered into a broker contract with Kraft Americas, L.P. |
| Kraft Americas, L.P. was named as the broker in the transaction | Rune Kraft was named as the broker in the transaction |
| The Inland ESOP had established a broker relationship | Rune Kraft was never hired to be the broker Rune Kraft had not consented to be the broker |

33. When amounts, obligations, duties, responsibilities, rights and consents of parties taking part in a transaction are described in the actual and true transaction documents and a claim for damage award is based on such documents it constitutes bad faith and fraud upon the court when such documents are withheld from the court and fraudulent representations are made to the court about the documents withheld to mislead the court. The Inland ESOP's use of misleading and inaccurate representations, the presentation of fraudulent evidence, and the failure to correct the false impressions created defrauded the court.

34. The true transaction documents show that the lawsuit was initiated as a fraudulent scheme to get the alleged broker to pay Oldcastle the purported $ 3 million and not the Inland ESOP the $ 3 million.

35. And who is trying to get $ 3 million? Oldcastle Precast, Inc.

36. Also the fraudulent conduct of the Inland ESOP can be explained by a multi-million dollar escrow that had been established related to the transaction. The scheme of the Inland ESOP, undoubtedly concocted by its attorneys, enabled its attorneys to access

**COMPLAINT**

this multi-million dollar escrow to pay themselves fees and reimbursement of overhead, expenses and costs based on a dispute that *they fabricated*. And this was done during a period of extreme economic slowdown and by attorneys located in the high rent district of West Los Angeles. Again, **the attorneys purportedly representing the interest of the Inland ESOP fabricated a dispute to pay themselves from funds deposited in an escrow.**

### 3.6 No service of transfer of interest, no written consent or service of motion for leave to amend

37. The legislature enacted FRCP 25 (c) which governs transfer of interest and states the following:

(c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

38. FRCP 25(a)(3) states the following:

Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

39. Neither Rune Kraft nor Kraft Americas, L.P. has been served with a motion purportedly transferring the interests of Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan to Oldcastle Precast, Inc.

**COMPLAINT**

40. Furthermore pursuant to FRCP 15 (a) (2) a party may amend its pleading only with the opposing party's written consent or the court's leave.

41. In addition to not being served with a "transfer of interest" motion neither Rune Kraft nor Kraft Americas, L.P. has been served with a motion for leave to amend  (a motion purportedly substituting Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan for Oldcastle Precast, Inc.).

42. And pursuant to the Clerk of the Court at this Court, Civil Action No.: 1:15-MC-00033-WJ, has one plaintiff - Inland Concrete Enterprise, Inc. Employee Stock Ownership Plan.

## 4. The Defendants, all residents of New Mexico, if dissatisfied with the U.S. Constitution, Federal Rules of Civil Procedure and Code of Laws of the United States have access to a number of remedies, but defying the rule of law and taking the law into their own hands are not among them

43. The Defendants, all residents of New Mexico, have access to a number of remedies, but defying the rule of law and taking the law into their own hands are not among them.

44. If the Defendants are troubled by the U.S. Constitution, Article Five of the United States Constitution describes the process whereby the federal Constitution may be altered. Twenty-seven amendments have been added (appended as codicils) to the Constitution. Amendment proposals may be adopted and sent to the states for ratification

**COMPLAINT**

by either: A two-thirds (supermajority) vote of members present—if a quorum exists—in both the Senate and the House of Representatives of the United States Congress; or a two-thirds (supermajority) vote of a national convention called by Congress at the request of the legislatures of at least two-thirds (at present 34) of the states. (This method has never been used.)

45. If the Defendants disagree with the Federal Rules of Civil Procedure, the FRCP are promulgated by the United States Supreme Court pursuant to the Rules Enabling Act (28 U.S.C. § 2072), and then the United States Congress has seven months to veto the rules promulgated or they become part of the FRCP. The Court's modifications to the rules are usually based upon recommendations from the Judicial Conference of the United States, the federal judiciary's internal policy-making body.

46. If the Defendants take exception to the Code of Laws of the United States of America (variously abbreviated to Code of Laws of the United States, United States Code, U.S. Code, U.S.C., or USC), the official compilation and codification of the general and permanent federal statutes of the United States and currently containing 53 titles, as the U.S. Code rests on Acts of Congress, persuading Congress is the remedy.

47. The Defendants' remedies are to organize political campaigns, run for the U.S. Congress, try to persuade the Judicial Conference of the United States, try to get appointed to the Supreme Court of the United States or engage in activities to persuade these entities to amend the federal Constitution, the federal rules of civil procedure and federal statutes, not to defy the rules of law and take the law into their own hands.

**COMPLAINT**

# FIRST CAUSE OF ACTION

## DECLARATORY RELIEF
### Any orders issued are invalid
### (Against all Defendants)

48. Plaintiff restates and re-alleges each and every allegation in Paragraph 1 through 47 above as if fully set forth herein.

49. A court acquires personal jurisdiction over a person or entity through the service of a summons and complaint, which never happened.

50. The text of the summons used by this Court provides a person or entity with notice of a lawsuit and names and addresses:

Form AO 440 (Rev. 06/12) Summons in a Civil Action

A lawsuit has been filed against you. Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

51. Form AO 440 also requires (on the second page) detailed information to be filled in verifying that the summons has been served along with the signature of a server under penalty of perjury:

**PROOF OF SERVICE**
(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))

**COMPLAINT**

52. The initiation of a lawsuit without serving a defendant with a summons and complaint is unconstitutional and devoid of procedural due process and substantive due process.

53. For these reasons the issuance of any orders by a court devoid of personal jurisdiction are invalid. Reference is further made to *Hansberry* v. *Lee*, 311 U. S. 32, 40 (1940); *Chase National Bank v. Norwalk*, 291 U.S. 431 (1934); *Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828); Black's Law Dictionary, Sixth Edition, p. 1574; and FRCP 11.

54. The issuance of any orders by the Court was unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution.

55. The issuance of any orders by the Court was conducted pursuant to a policy, practice, or custom that violates the Fifth and Fourteenth Amendments to the United States Constitution.

56. Official Defendant had responsibility for ensuring the Court's compliance with all legal requirements and the legal requirements were not met, which violated the Fifth and Fourteenth Amendments to the United States Constitution.

57. The acceptance of a lawsuit to proceed without service of summons and complaint on Rune Kraft and Kraft Americas, L.P. exceeded Official Defendant's statutory authority to protect the public by adhering to Rule 4 of Federal Rules of Civil Procedure.

**COMPLAINT**

58. The acceptance of a lawsuit to proceed without service of summons and complaint on Rune Kraft and Kraft Americas, L.P. was conducted pursuant to a policy, practice, or custom that exceeds Official Defendant's statutory authority to protect the public by adhering to Rule 4 of Federal Rules of Civil Procedure.

59. The initiation of a lawsuit by Defendants Jesse Clark Hatch and Stanley N. Hatch without causing a summons and complaint to be served on Rune Kraft and Kraft Americas, L.P. violated Rule 4 of Federal Rules of Civil Procedure.

60. The acceptance of motions without service of the motions on Rune Kraft and Kraft Americas, L.P. exceeded Official Defendant's statutory authority to protect the public by adhering to Rule 5 of Federal Rules of Civil Procedure.

61. The acceptance of motions without service of the motions on Rune Kraft and Kraft Americas, L.P. were conducted pursuant to a policy, practice, or custom that exceeds Official Defendant's statutory authority to protect the public by adhering to Rule 5 of Federal Rules of Civil Procedure.

62. The filing of motions by Defendants Jesse Clark Hatch and Stanley N. Hatch without causing the motions to be served on Rune Kraft and Kraft Americas, L.P. violated Rule 5 of Federal Rules of Civil Procedure.

63. The causing of the issuance of orders based on motions that were not served on Rune Kraft and Kraft Americas, L.P. exceeded Official Defendant's statutory authority to protect the public by adhering to Rule 5 of Federal Rules of Civil Procedure.

64. The causing of the issuance of orders based on motions that were not served on Rune Kraft and Kraft Americas, L.P. were conducted pursuant to a policy, practice, or custom that exceeds Official Defendant's statutory authority to protect the public by adhering to Rule 5 of Federal Rules of Civil Procedure.

65. The failure to serve orders on Rune Kraft and Kraft Americas, L.P. exceeded Official Defendant's statutory authority to protect the public by adhering to Rule 5 of Federal Rules of Civil Procedure.

66. The failure to serve orders on Rune Kraft and Kraft Americas, L.P. were conducted pursuant to a policy, practice, or custom that exceeds Official Defendant's statutory authority to protect the public by adhering to Rule 5 of Federal Rules of Civil Procedure.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF
### Only a party-litigant can use the Tenth Circuit's courts to decide the merits of a dispute or of particular issues
### (Against Attorneys Defendants)

67. Plaintiff restates and re-alleges each and every allegation in Paragraph 1 through 66 above as if fully set forth herein.

68. The Tenth Circuit only allows party-litigants to use its courts to decide the merits of a dispute or of particular issues. With very limited exceptions, non-parties are prohibited from filing motions and pleadings and courts repeatedly strike or ignore papers

14

filed by non-parties who lack standing. *See e.g., Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 35, 114 S. Ct. 425, 429, 126 L. Ed. 2d 396 (1993) (would be intervenor could not object to an order of the court because it was not a party and its interest was insufficient to support intervention); *Abeyta v. City of Albuquerque*, 664 F.3d 792, 795–96 (10th Cir. 2011) (denying the appeal attempts of a non-party despite finding that the party had a "unique interest" in the outcome of the case); *Smith v. Corr. Med. Servs., No. CV 11-1085 BB/CEG*, 2012 WL 12906573, at *1 (D.N.M. June 21, 2012) (denying motions made by non-parties and motions which failed to state a request for relief); *McGuire–Pike v. Ameri–CK, Inc.*, No. CIV 04–0705 JB/ACT, at *4 ("[We] decline to consider the motion because of the deficit[ ] [of it being filed by a nonparty]."). This stance mirrors rulings issued by the Supreme Court of the United States. For example in *Warth v. Seldin*, 422 U.S. 490 (1975) the Supreme Court stated "in essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues" and affirmed that if a litigant lacks standing, they could not maintain a case.

69. Defendants Jesse Clark Hatch and Stanley N. Hatch represent Oldcastle Precast, Inc. and Oldcastle Precast, Inc. is not a party-litigant.

70. Defendants Jesse Clark Hatch and Stanley N. Hatch cannot use this Court, one of the Tenth Circuit's courts, to decide the merits of a dispute or of particular issues representing Oldcastle Precast, Inc., not a party-litigant.

15

**COMPLAINT**

71. Both Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(h)(3) are statutes that concern subject-matter jurisdiction. The text of Fed.R.Civ.P. 12(h)(3) is very plain and straightforward:

> Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

72. The requirement that a court have subject-matter jurisdiction means that the court can only assume power over a claim that the laws of the jurisdiction authorize it to hear. When law requires a party to file and serve a summons and complaint and file pleadings and such court filings in Civil Action No.: 1:15-MC-00033-WJ is from Oldcastle Precast, Inc., a non-party, the requirement of subject-matter jurisdiction is not met. In order to bring an action in federal court, the plaintiff must find a constitutional or congressional grant of subject-matter jurisdiction to allow the federal court to hear the claim. *See* U.S. Const. Art. III, Sec. 2. As a general rule, courts read congressional grants of subject-matter jurisdiction narrowly, resolving any ambiguities in favor of denying jurisdiction.

73. While litigating parties may waive personal jurisdiction, they may not waive subject-matter jurisdiction. As a non-party litigant in Civil Action No.: 1:15-MC-00033-WJ Oldcastle Precast, Inc. had no standing to use this Court to obtain a purported writ of attachment against Rune Kraft and Kraft Americas, L.P. and/or compel CalMat Co. to provide an Answer by Garnishee. Under the Federal Rules of Civil Procedure the Court

**COMPLAINT**

had an obligation to dismiss the action, Civil Action No.: 1:15-MC-00033-WJ, and do so *sua sponte*, for lack of subject-matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3).

74. Orders produced by courts that do not have subject matter jurisdiction aren't voidable, the orders are void.

## THIRD CAUSE OF ACTION
## DECLARATORY RELIEF
## No contract was formed and no contract therefore exists
## (Against Attorneys Defendants)

75. Plaintiff restates and re-alleges each and every allegation in Paragraph 1 through 74 above as if fully set forth herein.

76. To the extent Defendants Jesse Clark Hatch and Stanley N. Hatch may seek to make legal filings making their client Oldcastle Precast, Inc. a party-litigant, Plaintiff seeks an order of this Court declaring that the purported broker contract between the Inland ESOP and Rune Kraft and Kraft Americas, L.P. was never formed, and therefore do not exist, because: (a) the three elements for a contract to be valid (an offer; acceptance of that offer; and consideration) were missing; (b) as California law required a broker contract to be in writing and (c) as no written contract exists and has never existed, any portrayals by the Inland ESOP of having hired Rune Kraft and Kraft Americas, L.P. were thus fraudulent.

77. In the alternative Plaintiff seeks an order of this Court declaring that any contracts between the Inland ESOP and Rune Kraft and Kraft Americas, L.P. are invalid,

unenforceable, and/or void under the doctrine of unconscionability. Plaintiff contends that, as a result, nobody is bound by any purported duties, obligations, or conditions of such an illusory and fictional instrument.

# FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF
### Lack of subject matter jurisdiction – expired statute of limitations
### (Against Attorneys Defendants)

78. Plaintiff restates and re-alleges each and every allegation in Paragraph 1 through 77 above as if fully set forth herein.

79. To the extent Defendants Jesse Clark Hatch and Stanley N. Hatch may seek to make legal filings making their client Oldcastle Precast, Inc. a party-litigant, Plaintiff seeks an order of this Court declaring that any claims based on a purported oral contract between the Inland ESOP and Rune Kraft and Kraft Americas, L.P. would fail for two basic reasons. First, the Inland ESOP has never paid Rune Kraft and Kraft Americas, L.P. anything. And second, Section 339 of California's Code of Civil Procedure establishes a two-year statute of limitations for oral contracts. It requires a plaintiff to file a lawsuit within two years of the alleged breach, or similar event, of an oral contract. The Inland ESOP would thus have had to file the lawsuit before the end of 2009 and the lawsuit was filed in 2010. Thus the court lacked subject matter jurisdiction in 2010.

COMPLAINT

80. The validity of a judgment where jurisdiction was lacking can be challenged at any time. Subject-matter jurisdiction is the requirement that a given court have power to hear the specific kind of claim that is brought to that court. While litigating parties may waive personal jurisdiction, they may not waive subject-matter jurisdiction. In this Court under the Federal Rules of Civil Procedure, a motion to dismiss for lack of subject-matter jurisdiction may be raised at any point in the litigation process. In fact, the court may dismiss a case sua sponte—or, on its own—for lack of subject-matter jurisdiction. *See*, e.g., FRCP 12(b)(1).

81. The requirement that a court have subject-matter jurisdiction means that the court can only assume power over a claim that the laws of the jurisdiction authorize it to hear. Most state courts are courts of general jurisdiction. That is, state courts are presumed to have power to hear virtually any claim arising under federal or state law, except those falling under the exclusive jurisdiction of the federal courts. As opposed to state courts of general jurisdiction, federal courts are courts of limited jurisdiction. Thus, with few exceptions found in the Constitution itself, Congress defines the subject-matter jurisdiction of the federal courts. In order to bring an action in federal court, the plaintiff must find a constitutional or congressional grant of subject-matter jurisdiction to allow the federal court to hear the claim. *See* U.S. Const. Art. III, Sec. 2. As a general rule, courts read congressional grants of subject-matter jurisdiction narrowly, resolving any ambiguities in favor of denying jurisdiction. A threshold concern for all federal courts is the presence, or absence, of constitutional standing. The standing requirement, as

**COMPLAINT**

governed by Article III of the Constitution, permits federal courts to adjudicate only cases or controversies. A case or controversy must comprise an actual injury, which is traceable to a defendant and susceptible to judicial redress. *See Lujan v. Defenders of Wildlife.* Subject-matter jurisdiction does not exist in the absence of this constitutional standing. By restricting the reach of federal courts to actual disputes, the standing requirement prevents politically unaccountable courts from influencing the law in a legislative capacity. In this sense, the standing doctrine and subject-matter jurisdiction facilitate the separation of powers.

82. FRCP 11 requires the Attorneys Defendants to "stop, think, and investigate", again make an objectively reasonable inquiry into the facts and law prior to filing and not to pursue an action that is not objectively reasonable based on the facts. Federal Rule of Procedure 12(b)(1) relates to the issue of the court that entered the default judgment did not have subject-matter jurisdiction due to both the issue of California law requiring a broker contract to be in writing and the issue of California law establishing a two-year statute of limitations for oral contracts. Again, the Attorneys Defendants must be in a position to rebut, challenge, or contradict that the court that entered the default judgment the Attorneys Defendants' client claims to possess lacked subject-matter jurisdiction. Thus the allegations herein should be considered to be true. It is worth noting that on issues concerning a district court's subject-matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing. *See Zappia*

**COMPLAINT**

*Middle E. Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) quoting *Cargill Int'l S.A. v. M/T Pavel Dybenko,* 991 F.2d 1012, 1016 (2d Cir.1993) at 1019.

83. A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446, (1942). Here, the Attorneys Defendants must establish that the court that entered the default judgment their client claims to possess had subject-matter jurisdiction to rebut, challenge, or contradict that the court that entered the default judgment lacked subject-matter jurisdiction.

84. Judgments produced by courts that do not have subject matter jurisdiction aren't voidable, the judgments are void. The default judgment the Attorneys Defendants are parading around is invalid and unenforceable.

## FIFTH CAUSE OF ACTION
## DECLARATORY RELIEF
### Lack of standing
### (Against Attorneys Defendants)

85. Plaintiff restates and re-alleges each and every allegation in Paragraph 1 through 84 above as if fully set forth herein.

**COMPLAINT**

86. To the extent Defendants Jesse Clark Hatch and Stanley N. Hatch may seek to make legal filings making their client Oldcastle Precast, Inc. a party-litigant, Plaintiff seeks an order of this Court declaring that the Inland ESOP had suffered no damages, did not have a broker contract and brought the alleged claims outside the statute of limitations.

87. Standing is an essential component of the case or controversy requirement of Article III, section 2 of the United States Constitution. The Supreme Court has articulated three irreducible standing requirements: (1) the plaintiff must have suffered an "injury in fact," which is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (2) the injury must be caused by the defendant; and (3) it must be likely, rather than speculative, that the injury will be redressable by the court. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Arakaki v. Hawaii,* 314 F.3d 1091, 1097 (9th Cir.2002). The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130.

88. The first element of *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992) at 560-61 deals with injury in fact.

89. The Inland ESOP had not only suffered no damages but had gained $ 3 million. *See* paragraph 32 above.

90. The Inland ESOP thus fail the first element of *Lujan*.

**COMPLAINT**

91. The second element of *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992) at 560-61 deals with causation: the injury must be fairly traceable to the defendant's challenged action, id.

92. The Inland ESOP had no broker contract with Rune Kraft and/or Kraft Americas, L.P. *See* paragraph 32 above.

93. The Inland ESOP thus fail the second element of *Lujan*.

94. The third element of *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992) at 560-61 deals with redressability: "it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision," id. at 561 (internal quotations omitted).

95. Because in California a broker contract must be in writing and signed by the parties and claims based on an alleged oral contract must be brought within two years the Inland ESOP's lawsuit was not redressable by the Court, the third element is also not met.

96. The Supreme Court of the United States in two cases *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), commonly referred to as *Twiqbal,* has established that plaintiffs suing in federal court must demonstrate that their claims are plausible, rather than simply describing the case in sufficient detail to put the defendants on notice.

97. The first of the two working principles underlying *Twiqbal* is that the complaint must contain well-pleaded factual allegations.

98. The Inland ESOP's complaint is false and fraudulent as to the fundamental and decisive issues. *See* paragraph 32 above.

99. The "who, what, when, where, why and how" were just fabrications when pursuant to FRCP 11 the Inland ESOP's attorneys had an obligation to both first investigate any of these allegations before including the allegations in the complaint and then make truthful and factually correct statements to the court in the complaint.

100. The legal conclusions of the Inland ESOP's complaint do not provide the framework of a complaint as they are not supported by the true facts.

101. The Inland ESOP's complaint, for the purpose of gaining the Court's attention and sympathy, was highly inflammatory in the portrayal of the defendants. But the Inland ESOP knew that these portrayals were complete fabrications and that pursuant to the true facts, which the Inland ESOP withheld from the court and made fraudulent representations about, the complaint did not meet the burden of the first tenet of *Twiqbal*.

102. The second of the two working principles underlying *Twiqbal* is that the complaint must state a plausible claim for relief.

103. Pursuant to *Twiqbal* when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

104. Without an injury, without a contract and bringing the alleged claims outside the statute of limitations, the Inland ESOP did not have standing and the Inland ESOP was not entitled to relief.

**COMPLAINT**

105. The Inland ESOP's false and fraudulent complaint got the court's attention and misled the court but the Inland ESOP knew that the complaint was false and fraudulent and that the complaint did not meet the burden of the second tenet of *Twiqbal*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

### ON THE FIRST CAUSE OF ACTION

a. Declare that the actions described in this Complaint violated Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution, violated FRCP 4 and 5, and any orders issued are invalid;

### ON THE SECOND CAUSE OF ACTION

b. Declare that Oldcastle Precast, Inc. is not a party-litigant and the Attorneys Defendants cannot use this Court to decide the merits of a dispute or of particular issues representing Oldcastle Precast, Inc.;

### ON THE THIRD CAUSE OF ACTION

c. For a judgment declaring that no contract was formed between the parties, or in the alternative, to the extent that an agreement was formed, it is void, invalid, or otherwise unenforceable;

### ON THE FOURTH CAUSE OF ACTION

COMPLAINT

d.  Permanently enjoin the Attorneys Defendants, and all persons in active concert or participation with them, from asserting any claims based on the purported December 17, 2007 transaction;

## ON THE FIFTH CAUSE OF ACTION

e.  Permanently enjoin the Attorneys Defendants, and all persons in active concert or participation with them, from asserting any claims based on the purported December 17, 2007 transaction ;

## AND

f.  For costs of suit; and

g.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted on this 28th day of March, 2018.



Rune Kraft

Plaintiff

2711 Centerville Road, Suite 400
Wilmington, DE 19808
Email: rkkalp@aol.com
Telephone: 302 494 1801

COMPLAINT

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RUNE KRAFT

**DEFENDANTS**

JESSE CLARK HATCH, STANLEY N. HATCH, MATTHEW J. DYKMAN in his official capacity Clerk of Court U.S. District Court for the District of NM

**(b)** County of Residence of First Listed Plaintiff   New Castle County, DE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bernalillo County, NM
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Rune Kraft, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, Telephone: 302 494 1801

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fifth and Fourteenth Amendments to the U.S. Constitution, FRCP 4 and 5, Article III section 2 U.S. Constitution

Brief description of cause:
Claims pursuant to violations of constitutional rights, federal rules of civil procedure and U.S. Codes

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
March 28, 2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

U.S. POSTAGE
PAID
SCOTTSDALE, AZ
85258
MAR 28, 18
AMOUNT
**$2.26**
R2305S101159-2

1000

87102



RECEIVED
At Albuquerque NM

MAR 3 0 2018

MATTHEW J. DYKMAN
CLERK

RUNE KRAFT
2711 Centerville Road, Suite 400
Wilmington, DE 19808

US District Court
District of New Mexico
Pete V. Domenici U.S. Courthouse
333 Lomas Blvd NW, Suite 270
Albuquerque, NM 87102