# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RUNE KRAFT,

       Plaintiff,

v.                                                                                   No. 18cv302 JAP/KK

JESSE CLARK HATCH,
STANLEY N. HATCH,
MATTHEW J. DYKMAN, in his official capacity
as Clerk of Court, United States District Court for
the District of New Mexico, and
DOES 1-10, Inclusive,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Rune Kraft filed his Complaint for Declaratory and Injunctive Relief (Complaint), Doc. 1, on March 30, 2018. The Court considers the Complaint sua sponte.

**Background**

The events giving rise to this case began with a dispute between Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan ("Inland") and Kraft Americas, L.P./Rune Kraft, an individual. In 2011, the United States District Court for the Central District of California entered a judgment in favor of Inland against Kraft Americas/Kraft for $3,000,000 and later awarded Inland $552,623 in attorney fees. *See* Doc. 1 at 9, 12, filed July 8, 2015, in *Inland Concrete Enterprise, Inc. Employee Stock Ownership Plan v. Kraft Americas*, No. 15mc33 WJ. On January 5, 2015, Inland assigned its interest in the judgment and attorney fees to Oldcastle Precast, Inc. ("Oldcastle"). *See* Doc. 1-1 at 1 in No. 15mc33 WJ.

In the summer of 2015, attorneys for Oldcastle initiated a case in this Court, No. 15mc33 WJ, by registering the judgment from the United States District Court for the

Central District of California and filing an application for a writ of garnishment on the ground that CalMat Co. in Santa Fe holds or controls money and/or property belonging to Kraft. *See* Doc. 3, filed August 26, 2015, in No. 15mc33 WJ. The Clerk of Court for the District of New Mexico issued a Writ of Garnishment ordering CalMat to file an answer regarding whether it owes Kraft any money. *See* Doc. 4, filed August 27, 2015, in No. 15mc33 WJ. Calmat then filed a motion to file an amended answer and to stay action in the garnishment pending the outcome of its interpleader case in this Court, *Calmat Co. v. Oldcastle Precast Inc., No.* 16cv26 KG/JHR. *See* Doc. 7, filed January 8, 2016, in No. 15mc33 WJ. Judge Johnson granted the motion. The interpleader case is currently pending.

Plaintiff's Complaint sets forth five causes of action. The first cause of action alleges that the Clerk of Court, Matt Dykman, violated Kraft's constitutional rights because the Clerk did not serve Kraft with the orders and motions filed in case No. 15mc33 WJ as required by the Federal Rules of Civil Procedure regarding service. Kraft asks the Court to declare that the orders issued in No. 15mc33 WJ are invalid. *See* Complaint at 25.

The second cause of action asserts that the application for a writ of garnishment was filed in No. 15mc33 WJ by the attorneys for Oldcastle, and that Oldcastle is not a party to No. 15mc33 WJ and therefore has no standing. Kraft asks the Court to declare that Oldcastle is not a party-litigant and that the attorneys representing Oldcastle cannot use this Court to decide the merits of a dispute. *See* Complaint at 15, 25.

The third cause of action asserts that even if Oldcastle is a party to No. 15mc33 WJ as Inland's successor, there was no contract between Kraft and Inland. Kraft seeks a declarative judgment that there was no contract between Kraft and Inland or that if one was formed it was invalid and void. *See* Complaint at 17, 25.

The fourth cause of action asserts that any claims Oldcastle may have against Kraft based on a purported oral contract are barred by the statute of limitations. Kraft asks the Court to declare that any claims based on a purported oral contract between Inland and Kraft are barred by the statute of limitations and to enjoin Oldcastle's attorneys from asserting any claims based on a purported December 17, 2007 transaction. *See* Complaint at 18, 26.

The fifth and final cause of action asserts that Oldcastle does not have standing because it did not suffer an injury in fact caused by Kraft. Kraft asks the Court to declare that Inland suffered no damages and did not have a broker contract. Kraft also asks the Court to enjoin Oldcastle's attorneys from asserting any claims based on a purported December 17, 2007 transaction. *See* Complaint at 22-23, 26.

**First Cause of Action**

The Court will dismiss the first cause of action, which is based on the Clerk's alleged violation Kraft's constitutional rights by not serving him with the Writ of Garnishment as required by the Federal Rules of Civil Procedure, for failure to state a claim. Federal rules concerning service apply "only if there is no state statute specifically applicable to service of garnishments. In other words, a *specific* state garnishment rule trumps the federal rules." *Strong v. Laubauch*, 65 Fed.Appx. 206, 209 (10th Cir. 2003) (*emphasis in original*). New Mexico has specific rules for service of garnishment in actions in district and magistrate court which require that the garnishee serve the debtor with copies of documents served on the garnishee by the judgment creditor. *See* N.M.R.A. §§ 1-065.2(F) and 2-802(F).

Furthermore, it appears that Kraft did receive the documents. While the Clerk did not serve Kraft with a copy of the Application for Writ of Garnishment, the Writ of Garnishment, or the garnishee's Answer, he ordered the garnishee to serve those documents on Kraft. *See* Doc. 4

3

at 2 in No. 15mc33 WJ. The garnishee certified that it served Kraft with copies of those documents. *See* Doc's 6 at 3, 9 at 3, in No. 15mc33 WJ. Oldcastle noted that Kraft did not dispute the assertion that the garnishee CalMat sent the required documents to Kraft. *See* Doc. 11 at 3, in No. 15mc33 WJ (in his reply, Doc. 12, to Oldcastle's response, Kraft again does not dispute that CalMat sent him the documents). All documents filed thereafter in No. 15mc33 WJ were served on Kraft via NEFs through CM/ECF.

**Remaining Causes of Action**

The Court will dismiss the case because it does not have subject-matter jurisdiction over the remaining causes of action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Kraft seeks declaratory judgments and injunctions under 28 U.S.C. §§ 2201 and 2202 which allow the Court to "declare the rights and other legal relations of any interested party seeking such declaration" and to grant "[f]urther necessary or proper relief based on a declaratory judgment." "The Declaratory Judgment Act does not extend the jurisdiction of federal courts; it only enlarges the range of remedies available." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950)). "Power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Id.*

Kraft alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331. Kraft does not allege that the Court has diversity jurisdiction.

> District courts have original federal question jurisdiction over complaints that contain a claim that arises under federal law. In actions for declaratory judgment, however, the position of the parties is often reversed: the plaintiff asserts a defense to an anticipated action by the declaratory judgment defendant. It is the character of the impending action, not the plaintiff's defense, that determines whether there is federal question jurisdiction. Thus, federal question jurisdiction exists in a declaratory judgment action if the potential suit by the declaratory judgment defendant would arise under federal law.

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996) (citations omitted). Accordingly, federal question jurisdiction in this case turns on whether there would be federal question jurisdiction over a well-pleaded complaint that Defendants Jesse Clark Hatch and Stanley N. Hatch may bring against Kraft.

The remaining causes of action are against Defendants Jesse Clark Hatch and Stanley N. Hatch, who are the attorneys representing Oldcastle in the garnishment proceeding, No. 15mc33 WJ, and seek declarations that Oldcastle is not a party, that there was no contract between Kraft and Inland, that claims based on a purported contract between Kraft and Inland are barred by the statute of limitations, and that Inland suffered no damages. The second, fourth and fifth causes of action also seek to enjoin Defendants Jesse Clark Hatch and Stanley N. Hatch from "us[ing] this Court to decide the merits of a dispute or of particular issues representing Oldcastle," and "from asserting any claims based on the purported December 17, 2007 transaction." Complaint at 25-26.

It does not appear that any potential suits by Defendants Jesse Clark Hatch and Stanley N. Hatch would arise under federal law. While they are attorneys representing Oldcastle, there are no facts in the record suggesting that Defendants Jesse Clark Hatch and Stanley N. Hatch personally would have any potential claims against Kraft. The Court need not look to the nature of any anticipated claims of Oldcastle and Inland because they are not defendants in this declaratory judgment action. *See* Complaint at 1-2.

Having decided to dismiss the first cause of action, and concluding there is no independent basis for jurisdiction over the remaining causes of action which would allow the Court to issue declaratory judgments, the Court will dismiss this case without prejudice. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of

jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**