# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RUNE KRAFT,

       Plaintiff,

v.                                                                          No. 18cv302 JAP/KK

JESSE CLARK HATCH,
STANLEY N. HATCH,
MATTHEW J. DYKMAN, in his official capacity
as Clerk of Court, United States District Court for
the District of New Mexico, and
DOES 1-10, Inclusive,

       Defendants.

## MEMORANDUM OPINION AND ORDER

On April 30, 2018, Plaintiff Rune Kraft filed a Motion to Set Aside Judgment and Related Order. (Doc. 9).

**Background**

In 2011, the United States District Court for the Central District of California entered a judgment in favor of Inland Concrete against Plaintiff. *See* Doc. 1 at 9, 12, filed July 8, 2015, in *Inland Concrete Enterprise, Inc. Employee Stock Ownership Plan v. Kraft Americas*, No. 15mc33 WJ. Inland Concrete assigned its interest in the judgment and attorney fees to Oldcastle Precast, Inc. *See* Doc. 1-1 at 1 in No. 15mc33 WJ. Attorneys for Oldcastle Precast initiated a case in this Court, No. 15mc33 WJ, by registering the judgment from the United States District Court for the Central District of California and filing an application for a writ of garnishment on the ground that CalMat Co. in Santa Fe holds or controls money and/or property belonging to Plaintiff. *See* Doc. 3, filed August 26, 2015, in No. 15mc33 WJ. The Clerk of Court for the District of New Mexico issued a Writ of Garnishment. *See* Doc. 4, filed August 27, 2015, in No. 15mc33 WJ.

Plaintiff initiated this case by filing a Complaint for Declaratory and Injunctive Relief containing five causes of action. *See* Doc. 1, filed March 30, 2018. The first cause of action alleged that the Clerk of Court violated Plaintiff's constitutional rights because the Clerk did not serve Plaintiff with orders and motions filed in *Inland Concrete Enterprise, Inc. E.S.O.P. v. Kraft Americas, L.P.*, No. 15mc33 WJ (D.N.M.) ("*Inland Concrete*"), as required by the Federal Rules of Civil Procedure.

The Court dismissed the first cause of action after finding that the Clerk of Court complied with the relevant Federal Rule of Civil Procedure and Tenth Circuit precedent. Doc. 4 at 3, filed April 20, 2018. Having dismissed the first cause of action "and concluding there is no independent basis for jurisdiction over the remaining causes of action which would allow the Court to issue declaratory judgments," the Court dismissed the case without prejudice. Doc. 4 at 5.

Plaintiff now moves the Court under "Fed. R. Civ. P. 60 (a, b and/or d)" to set aside the Memorandum Opinion and Order of Dismissal, Doc. 4, and the Final Judgment, Doc. 5. In their Response, Defendants Jesse Clark Hatch and Stanly N. Hatch ("Hatch Defendants") state that "Plaintiff has not bothered to articulate on which subsection of Rule 60 he relies, merely claiming that the judgment must be set aside pursuant to 'Rule 60 (a) (b) and/or (d).'" Doc. 11 at 3. The Hatch Defendants then address each of the provisions of Rule 60.

In his Reply, Plaintiff clarifies the reasons the Memorandum Opinion and Order of Dismissal and Final Judgment should be set aside:

> Case No.15mc33 WJ was started at this Court with orders being issued affecting my property <u>before notifying</u> me.
>
> Case No. 15mc33 WJ was started at this Court with orders being issued affecting my property <u>before establishing personal jurisdiction over me</u>.

> The following statement in Doc. 4, page 4, lines 5 and 6 is plainly false: *All documents filed thereafter in No. 15mc33 WJ were served on Kraft via NEFs through CM/ECF.*

Reply at 2, Doc. 12, filed May 17, 2018 (underline and italics in original). Plaintiff also states that the Court "misunderstood" *Strong v. Laubach*, 65 Fed.Appx. 206, 209 (10th Cir. 2003) and N.M.R.A. §§ 1-065.2(F) and 2-802(F), which the Court cited in its Memorandum Opinion and Order of Dismissal because that Tenth Circuit Case and the New Mexico Rules "contain[] no text that allows this Court to: (a) violate Kraft's constitutional due process rights; (b) take actions related to his property without first establishing personal jurisdiction over him; (c) not serve [Plaintiff] with orders; and (d) not serve [Plaintiff] with motions." Reply at 3.

**Discussion**

The Court will deny Plaintiff's Motion to set aside the Court's Memorandum Opinion and Order of Dismissal and its Final Judgment because Plaintiff's arguments are without merit.

The Court did not improperly issue orders affecting Plaintiff's property before notifying Plaintiff. The Court proceeded according to Federal Rule of Civil Procedure 69(a)(1)[1] and Tenth Circuit precedent[2] in No. 15mc33 WJ when it issued the Writ of Garnishment which ordered the

---

[1] Federal Rule of Civil Procedure 69(a)(1) provides:

> ***Money Judgment; Applicable Procedure.*** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

[2] Federal rules concerning service apply "only if there is no state statute specifically applicable to service of garnishments. In other words, a *specific* state garnishment rule trumps the federal rules." *Strong v. Laubauch*, 65 Fed.Appx. 206, 209 (10th Cir. 2003) (*emphasis in original*). New Mexico has specific rules for service of garnishment in actions in district and magistrate court which require that the garnishee serve the debtor with copies of documents served on the garnishee by the judgment creditor. *See* N.M.R.A. §§ 1-065.2(F) and 2-802(F).

Garnishee to serve Plaintiff with a copy of the Application for Writ of Garnishment, the Writ of Garnishment, and the Garnishee's Answer. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). Furthermore, the only orders not served on Plaintiff by the Court were the Writ of Garnishment and an Order granting Garnishee's motion to amend its answer.

The Court did not improperly issue orders affecting Plaintiff's property before establishing personal jurisdiction over Plaintiff and did not violate Plaintiff's due process rights.

> As a general rule, even after a district court has entered judgment, it retains ancillary jurisdiction to enforce its own orders and judgments. *Peacock v. Thomas,* 516 U.S. 349, 356, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) (recognizing "use of ancillary jurisdiction in subsequent proceedings for the exercise of the court's inherent power to enforce its judgments"); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 380, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (stating that court has ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees."); *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy...."). " 'The jurisdiction of a Court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied.' " *U.S.I. Properties Corp. v. M.D. Constr. Co.,* 230 F.3d 489, 496 (1st Cir.2000) (quoting *Wayman v. Southard,* 23 U.S. (10 Wheat.) 1, 23, 6 L.Ed. 253 (1825)); *see also* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3523, at 89 (2d ed.1984) (stating that ancillary jurisdiction "include[s] those acts that the federal court must take in order properly to carry out its judgment on a matter as to which it has jurisdiction").
>
> The Supreme Court has explained that, without ancillary jurisdiction to enforce its own judgments, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock,* 516 U.S. at 356, 116 S.Ct. 862 (quotation omitted).

*Metzger v. UNUM Life Ins. Co. of America*, 151 Fed.Appx. 648, 651 (10th Cir. 2005). "Registration is allowed irrespective of whether the court in which the judgment is registered has

4

personal jurisdiction over the defendant." 18 Moore's Federal Practice, § 130.32 (3d ed. 2018) (citing *Dichter v. Disco Corp.*, 606 F.Supp. 721, 725 (S.D. Ohio 1984). Plaintiff was afforded due process in the United States District Court for the Central District of California. The Central District of California's judgment, now that it is registered in this Court, is treated as the judgment of this Court and may be enforced as such. *See* 28 U.S.C. § 1963 (A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered . . . in any other district . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. . . .). Furthermore, the Court has stayed action and has not issued a writ of execution in the garnishment action, No. 15mc33 WJ. *See* 13 Moore's Federal Practice, § 69.02 (3d ed. 2018) ("A writ of execution is an order issued by a court, in the form of a final process designed to enforce a money judgment of that court, directing an officer of the court to seize the property of a judgment debtor and transfer the proceeds over to the judgment creditor").

Finally, Plaintiff asserts that the Court's statement in the Memorandum Opinion and Order of Dismissal, that "All documents filed thereafter in No. 15mc33 WJ were served on Kraft via NEFs through CM/ECF," is "plainly false." The Court reviewed the CM/ECF records for case No. 15mc33 WJ. Those records show that all documents filed in No. 15mc33 WJ after Document 9 were served on Kraft via NEFs through CM/ECF.

**IT IS ORDERED** that Plaintiff's Motion to Set Aside Judgment and Related Order, Doc. 9, filed April 30, 2018, is **DENIED.**

　　　　　　　　　　　　　　　　　　／s／ James A. Parker
　　　　　　　　　　　　　　　　　　**SENIOR UNITED STATES DISTRICT JUDGE**