# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RUNE KRAFT,

    Plaintiff,

v.                                                                                     No. 18cv302 JAP/KK

JESSE CLARK HATCH,
STANLEY N. HATCH,
MATTHEW J. DYKMAN, in his official capacity
as Clerk of Court, United States District Court for
the District of New Mexico, and
DOES 1-10, Inclusive,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration of Memorandum Opinion and Ordered Entered as Document 14, Doc. 15, filed November 13, 2018 ("Motion to Reconsider").

On April 20, 2018, the Court dismissed this case without prejudice for lack of jurisdiction and entered Final Judgment. *See* Doc's 4 ("Order of Dismissal") and 5. Plaintiff then filed his Motion to Set Aside Judgment and Related Order, *see* Doc. 9, filed April 30, 2018 ("Motion to Set Aside"), on the grounds that:

> Case No.15mc33 WJ was started at this Court with orders being issued affecting my property <u>before notifying</u> me.
>
> Case No. 15mc33 WJ was started at this Court with orders being issued affecting my property <u>before establishing personal jurisdiction over me</u>.
>
> The following statement in Doc. 4, page 4, lines 5 and 6 is plainly false: *All documents filed thereafter in No. 15mc33 WJ were served on Kraft via NEFs through CM/ECF.*

Reply at 2, Doc. 12, filed May 17, 2018 (underline and italics in original). Plaintiff also stated that the Court "misunderstood" a Tenth Circuit case and two New Mexico Rules which the Court cited in its Memorandum Opinion and Order of Dismissal.

After careful consideration and a detailed explanation of its reasoning, the Court concluded Plaintiff's arguments were without merit and denied Plaintiff's Motion to Set Aside the Court's Order of Dismissal and its Final Judgment. *See* Doc. 14, filed October 30, 2018.

Plaintiff now asks the Court to reconsider it Order denying his Motion to Set Aside the Order of Dismissal and Final Judgment. Plaintiff's Motion to Reconsider argues that: (i) the Court issued orders in case No. 15mc33 WJ affecting Plaintiff's property before notifying Plaintiff and before establishing personal jurisdiction over Plaintiff; (ii) the statement in the Order of Dismissal, indicating that all documents filed after Doc. 9 in No. 15mc33 WJ were served on Plaintiff via NEFs through CM/ECF, is plainly false; (iii) the United States District Court for the Central District of California lacked subject-matter jurisdiction and did not afford Plaintiff due process; and (iv) the Court's process in No. 15mc33 WJ was unconstitutional because the Court did not comply with the Federal Rules of Civil Procedure.

The Court denies Plaintiff's Motion to Reconsider because Plaintiff has not shown that reconsideration is warranted.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff does not argue that there has been an intervening change in the controlling law or that there is new evidence previously unavailable; and he has not shown any clear error in the Court's decision to deny his

Motion to Set Aside.  Plaintiff's Motion to Reconsider simply raises arguments that he raised or could have raised in his Motion to Set Aside.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of Memorandum Opinion and Ordered Entered as Document 14, Doc. 15, filed November 13, 2018, is **DENIED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**